**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:06CV-00021-TBR**

**GARY W. BYRD**                                                                                           **PETITIONER**

**VS.**

**JAMES SWEATT, Warden**                                                           **RESPONDENT**

FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION

BACKGROUND

Petitioner, *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1). The district court referred this matter to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) (DN 7). Thereafter, petitioner filed a supplement to his petition (DN 8, 9).

The respondent has filed a Rule 5 answer as well as a motion to dismiss and, in the alternative, a motion for summary judgment (DN 22, 23). Petitioner has filed a response thereto (DN 25). The undersigned concludes the record is adequately developed to address the issues raised herein and, thus, an evidentiary hearing is not necessary. The issues raised by petitioner are fully developed and this matter is ripe for determination.

FINDINGS OF FACT

In May of 2000, the Warren County Grand Jury indicted petitioner, Gary Byrd ("Byrd"), for first-degree trafficking in a controlled substance, a class C felony, and for being a

persistent felony offender in the first degree (DN 22, Appendix at Pages 26-27). Byrd v. Commonwealth, 2007 WL 1378610, *1 (Ky.App. 2007) (unpublished opinion). The Warren County Grand Jury returned a second indictment against Byrd in October of 2000 (DN 22, Appendix at Pages 28-29). Byrd, 2007 WL 1378610, *1. The second indictment charged Byrd with another count of trafficking in a controlled substance and with being a persistent felony offender in the first degree (DN 22, Appendix at Pages 28-29). Byrd, 2007 WL 1378610, *1. As the court proceedings progressed, the trial judge expressed a desire to give Byrd another chance and to prevent Byrd from being sent to prison despite the Commonwealth's objections. Id.

Subsequently, with the pre-approval of the trial judge, the Commonwealth offered Byrd a plea agreement to resolve all of the pending charges. In exchange for his pleading guilty, the Commonwealth recommended that Byrd receive ten years on each trafficking offense and the persistent felony offender charges be dismissed. Id. The sentences on the trafficking convictions were to be served consecutively for a total of twenty years imprisonment. Id. Additionally, the plea agreement provided Byrd with the unique opportunity to avoid imprisonment if he successfully completed Judge Court. Judge Court is a unique program established by that trial judge whereby the trial judge would accept guilty pleas but would withhold final sentencing subject to a defendant's continued compliance with the conditions established in his plea agreement. Such conditions would include weekly visits to court and continued good behavior. Id. If the defendant fails to comply with the conditions in the plea agreement then the trial judge sentences the defendant and remands him to the custody of the Department of Corrections. Id.

On February 19, 2001, Byrd appeared in court under the influence of cocaine in violation of his plea agreement. Id. On that same day, the trial court found that Byrd violated the

terms of the agreement to stay clean, as provided for in the plea agreement, and imposed the twenty year sentence. Id. The final judgment was entered on February 20, 2001 (DN 22, Appendix at Pages 33-34).

Almost a year later, on February 8, 2002, Byrd filed a *pro se* motion to vacate his conviction pursuant to Ky.R.Civ.P. 60.02. Byrd, 2007 WL 1378610, *1. The trial judge appointed the Department of Public Advocacy to represent Byrd. Id. Subsequently, it successfully obtained a reduction of Byrd's sentence to ten years by reducing the trafficking charges to the statutory minimum. Id. The agreed order modifying Byrd's sentence was entered on December 17, 2002 (DN 22, Appendix at Pages 62-63). Byrd, 2007 WL 1378610, *1.

Over a year and four months later, on April 23, 2004, Byrd filed another motion to vacate his sentence pursuant to Ky.R.Civ.P. 60.02. Id. Following a hearing, the trial court denied Byrd's motion for relief on December 28, 2004. Id. Thereafter, Byrd filed an appeal.

Byrd made two allegations of error on appeal to the Kentucky Court of Appeals. First, he alleged that the trial judge violated his due process rights by negotiating his plea agreement and coercing him into entering the plea agreement. Id. Essentially, Byrd argued his plea was involuntary. Secondly, Byrd argued he was denied due process when the trial judge did not grant him post-conviction relief despite the introduction of newly discovered evidence.

The Kentucky Court of Appeals found that Byrd previously raised these allegations in his first Rule 60.02 motion on February 8, 2002. Id. at *2. It concluded a procedural bar existed because the purpose of Rule 60.02 is not to allow the re-litigation of issues that either were or could have been litigated in a similar proceeding. Id. (citing McQueen v. Commonwealth, 948 S.W.2d 415, 416 (Ky. 1997)). Additionally, the Kentucky Court of Appeals held even if it were to permit

Byrd to re-litigate his two allegations, his attempt to obtain relief pursuant to Rule 60.02 is untimely and is barred. Id.

In sum, the Kentucky Court of Appeals declined to address the merits of Byrd's appeal because it found two different procedural bars to the allegations raised in his second Rule 60.02 motion. The Kentucky Court of Appeals affirmed the trial court's order denying Byrd's motion for post-conviction relief under Rule 60.02. Id.

Byrd filed his petition for writ of habeas corpus on February 13, 2006 (DN 1). Yet the Kentucky Court of Appeals did not render its opinion until May 11, 2007 (DN 23, Appendix at Page 193).

## CONCLUSIONS OF LAW

Since Byrd filed his petition for writ of habeas corpus on February 13, 2006 (DN 1), the one-year period of limitations in 28 U.S.C. § 2244(d)(1) applies to his petition for writ of habeas corpus under 28 U.S.C. § 2254. Specifically, the statute reads as follows:

> "(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d).

Notably, there is a tolling provision included within this period of limitations statute. 28 U.S.C. § 2244(d)(2). Specifically, the statute provides as follows:

> "(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim shall not be counted toward any period of limitation under this section."

28 U.S.C. § 2244(d)(2).

Here, all four of the grounds set forth in Byrd's petition challenge his conviction entered on February 20, 2001 (DN 22, Appendix at Pages 33-34). Under Ky.R.Crim.P. 12.04, Byrd had thirty days from entry of the judgment of conviction to file his notice of appeal. However, Byrd did not file an appeal. Thus, the one-year period of limitation, under § 2244(d)(1)(A), would have began to run on March 22, 2001. Byrd tolled the period of limitation by filing his first Rule 60.02 motion on February 8, 2002. However, by then only forty-three days remained of the one-year period of limitation.

As a result of his first Rule 60.02 motion, Byrd's twenty year sentence was reduced to ten years in an agreed order entered December 17, 2002 (DN 22, Appendix at Pages 62-63). Pursuant to Ky.R.Civ.P. 73.02, Byrd had thirty days from December 17, 2002 to file his notice of appeal. However, Byrd did not file an appeal. Thus, the forty-three days remaining of the period of limitation, under § 2244(d)(1)(A), began to run on January 16, 2003.

The period of limitation, under § 2244(d)(1)(A), expired on February 28, 2003. Byrd filed his second Rule 60.02 motion on April 23, 2004, four hundred twenty days after the period of limitation expired (DN 22, Appendix at 71-73). Since the limitations period in § 2244(d)(1) had already expired by April 23, 2004, the tolling provision in § 2244(d)(2) does not apply. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003) (filing a state post-conviction motion can toll the period

of limitations but it does not restart the limitations period); McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003) (same). In sum, all of the claims in Byrd's § 2254 petition are time barred.

In Slack v. McDaniel, the Supreme Court established a two-prong test that is used to determine whether a Certificate of Appealability should issue on a habeas claim denied on procedural grounds. 529 U.S. 473, 484-485 (2000). To satisfy the first prong of the Slack test, Byrd must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Id. at 484. To satisfy the second prong, he must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[1] Id. Notably, the Court need not conduct the two-pronged inquiry in the order identified or even address both parts if Byrd makes an insufficient showing on one part. Id. at 485. For example, if the Court determines Byrd failed to satisfy the procedural prong then it need not determine whether the Constitutional prong is satisfied. Id.

For the reasons set forth above the undersigned concludes a plain procedural bar is present and it is appropriate to invoke it to dispose of this case. Clearly a reasonable jurist would not find it debatable whether this is a correct procedural ruling. Therefore, the undersigned does not recommend issuance of a Certificate of Appealability as to Byrd's petition under § 2254.

---

[1] "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Byrd's petition for writ of habeas corpus be DISMISSED as time barred. Additionally, the undersigned recommends that a Certificate of Appealability be DENIED as to this petition for writ of habeas corpus.

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be filed within ten (10) days or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, U.S. 140 (1984).

Copies:   Petitioner, *pro se*
          Counsel of Record